[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT (110)
In this dissolution action, judgment was entered on March 8, 1981 dissolving the marriage between the parties. As a part or that judgment, custody of the minor child of the parties, Matthew Kellogg, born July 18, 1976, was awarded to defendant wife and plaintiff husband was ordered to pay $550.00 each month for the support of the child.
Defendant has moved that plaintiff be found in contempt for failure to pay support in accordance with said order and that an arrearage of $9,350.00 be found.
The evidence indicates that problems developed between Matthew and his mother and it was agreed by all parties that Matthew should reside with plaintiff father. Pursuant to this agreement in June of 1990, Matthew took up residence with plaintiff and plaintiff ceased paying child support.
Plaintiff testified that the defendant orally agreed CT Page 10231 that no support would be paid while Matthew was living with plaintiff. Defendant denied that she ever agreed that support would be suspended. Neither party consulted with an attorney at the time and no modification of the judgment was ever initiated.
The situation changed when, on October 25, 1991, plaintiff moved to open and modify the judgment to officially obtain custody of the child and to terminate the order of support. Shortly thereafter, defendant filed the present motion.
A pivotal question is whether the parties had any agreement or understanding with respect to support payment in June 1990. As noted, the parties disagree on this point.
The better evidence leads the court to conclude that there was such an understanding. There is no doubt that the parties discussed the change in Matthew's living arrangement at the time it occurred. It is logical to conclude that the question of child support was also discussed at the same time. Plaintiff testified that he and defendant reached an agreement that he would cease paying support. Defendant testified that some financial matters were discussed, but that she never agreed that support should terminate.
The court, however, finds that the defendant did in fact agree that plaintiff would no longer be required to pay support, or that her statements to plaintiff were such as to lead him to the belief that she would not look to him for child support while Matthew was living with plaintiff.
The above conclusion is reinforced by the action of defendant in waiting over seventeen months and until after plaintiff moved to modify the judgment before seeking to recover support.
The agreement between the parties is important because it raises a question of equitable estoppel.
Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed. . .as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse. . . .Its two essential elements are that one party must do or say something which is intended or calculated to induce another party to believe in the existence of certain facts and to act on that belief, and the other party, influenced thereby, must change his position or do some act to his injury which he otherwise would not have CT Page 10232 done." Bozzi vs. Bozzi, 177 Conn. 232, 241-242 (1979) (citations omitted)
Here it is found that plaintiff undertook the day to day maintenance of Matthew in reliance upon his understanding that he would not have to pay child support so long as the child was with him.
Because of the above stated conclusion it is found that defendant is precluded from asserting whatever rights she may have had to the child support in question, except for the summer months of 1991 when Matthew resided with her.
Accordingly, the motion is granted, but no finding of willful contempt is made against plaintiff. It is found that plaintiff owes to the defendant an arrearage for child support for three months at $550.00 per month, or $1,650.00. It is ordered that this amount be paid at the rate of $100.00 per week until the entire balance had been paid in full.
PURTILL, J.